UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLOCKER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES SADIGHI, et al.,<br><br>    Defendants. | No. 2:18-cv-0253 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims officers used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 4) and his compliant for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and give plaintiff the option to proceed on the complaint as screened or file an amended complaint.

## **IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The events giving rise to plaintiff's claims occurred while he was incarcerated at California State Prison, Sacramento. Plaintiff names as defendants, correctional officers James Sadighi and Patrick Price.

Plaintiff states that on May 1, 2017, Sadighi told plaintiff there were no more Halal meals in the kitchen and that plaintiff and his cellmate were not part of the Halal meal program. (ECF

3

No. 1 at 4.) Plaintiff informed Sadighi they were part of the program. Sadighi returned with hot cereal and told them, "this is all you're going to get." Plaintiff's cellmate told Sadighi to make a phone call to confirm their membership in the Halal program. Plaintiff alleges Sadighi said, "I'm not doing all that shit, take this or you don't eat at all!" Plaintiff requested to speak to the sergeant and told Sadighi to get away from his cell. Sadighi said, "Fuck you bitch – starve then," and left without giving plaintiff and his cellmate any food.

Plaintiff states that when he exited his cell at 8:00 a.m. Sadighi pepper sprayed him. Plaintiff returned to his cell to wash the pepper spray from his eyes. Officers yelled for the inmates to get down. Plaintiff laid on his stomach, on the ground with his hands stretched out in front of him. While plaintiff was on the ground Sadighi hit plaintiff on the hip with an expandable baton and said, "now what motherfucker?" Plaintiff was handcuffed and dragged down the metal stairs injuring his knee and shin.

Plaintiff claims officer Price observed Sadighi pepper spray him and did nothing to stop Sadighi's use of force. He further claims Price did nothing when Sadighi hit plaintiff with the baton.

Finally, plaintiff claims officers Sadighi and Price falsified the incident and disciplinary reports by claiming plaintiff took a swing at Sadighi and refused to get down. As a result of these false allegations plaintiff lost credits, was sent to administrative segregation, was given a segregated housing term, and transferred to a different institution farther away from his home causing him emotional distress.

**III.   Does Plaintiff State a Claim under § 1983?**

 **A. Eight Amendment Claims**

  **1. Excessive Force**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

4

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." Id. (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citation and quotation omitted). Furthermore, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 6 (ellipses in original) (citation omitted).

Plaintiff has alleged that Sadighi pepper sprayed him without provocation and hit him with a baton while he was on the ground. These allegations are sufficient to state an Eighth Amendment excessive force claim against defendant Sadighi.

### 2. Failure to Protect

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

Plaintiff has alleged defendant Price observed Sadighi use force against plaintiff without provocation and failed to intervene. These allegations are sufficient to state a claim for failure to protect in violation of the Eighth Amendment.

**B. Equal Protection Claim**

The Equal Protection Clause requires persons who are similarly situated to be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing prison officials intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff claims officers violated his rights under the Equal Protection clause when they falsified the disciplinary and incident reports regarding the incident. Plaintiff has failed to allege any facts showing that he was treated differently based on his membership in a protected class. Accordingly, he has failed to state a claim for violation of his rights under the Equal Protection clause.

Further, the filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has not constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted); Harper v. Costa, No. 07-cv-2149 LKK DAD P, 2009 WL 1684599, at *2 (E.D. Cal. June 16, 2009), aff'd, 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under §1983.").

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prison alleges that the false disciplinary report was filed in retaliation for her exercise of a constitutional right and (2) when the prisoner alleges that she was no afforded procedural due process in a proceeding concerning the false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); see also Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[] . . . .'") (quoting Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)).

Plaintiff has not specifically alleged that defendants filed false disciplinary reports in retaliation for his exercise of a constitutional right or that he was not afforded procedural due process in a proceeding on the false report. Accordingly, he has not stated a claim under §1983 based on defendants' filing false disciplinary and incident reports.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has the option to proceed on the complaint as screened or to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 11) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

|   |   |
|---|---|
| 1 | 1915(b)(1). All fees shall be collected and paid in accordance with this court's order |
| 2 | to the Director of the California Department of Corrections and Rehabilitation filed |
| 3 | concurrently herewith. |
| 4 | 3. Plaintiff's Equal Protection claim against defendants Sadighi and Price is dismissed |
| 5 | with leave to amend. |
| 6 | 4. Plaintiff has the option to proceed immediately on all other claims against defendants |
| 7 | Sadighi and Price as set forth in Section III above, or to amend the complaint. |
| 8 | 5. Within fourteen days of service of this order plaintiff shall complete and return the |
| 9 | attached form notifying the court whether he wants to proceed on the screened |
| 10 | compliant or whether he wants to file an amended complaint. |
| 11 | 6. Failure to comply with this order will result in a recommendation that this action be |
| 12 | dismissed. |

Dated: November 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/bloc0253.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLOCKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SADIGHI, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0253 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____ Plaintiff wants to proceed immediately on his claims against defendants Sadighi and Price without amending the complaint. Plaintiff understands that by going forward without amending the complaint, he is voluntarily dismissing his Equal Protection claim against defendants Sadighi and Price without prejudice.

_____ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Joshua Blocker
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se