UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLOCKER, | No. 2:18-cv-0253 DB P |
| Plaintiff, | |
| v. | ORDER |
| JAMES SADIGHI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims officers used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion requesting the appointment of counsel. (ECF No. 22.)

In support of his motion to appoint counsel plaintiff argues that he is unable to afford counsel, his imprisonment will limit his ability to litigate, the issues are complex, trial will likely involve conflicting testimony, and he is currently receiving mental health treatment.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1     The test for exceptional circumstances requires the court to evaluate the plaintiff's
2 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
3 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
4 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).
5     In the present case, the court does not find the required exceptional circumstances.
6 Circumstances common to most prisoners, such as lack of legal education and limited law library
7 access, do not establish exceptional circumstances that would warrant a request for voluntary
8 assistance of counsel.  Additionally, plaintiff's claim that he suffers from a mental health
9 condition is unsupported by any evidence and he has not explained how his mental health issues
10 affect his ability to articulate his claims.  Thus, the court will deny plaintiff's motion to appoint
11 counsel without prejudice.
12     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
13 counsel (ECF No. 22) is denied.

DATED:  April 25, 2019

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/bloc0253.31